IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| ) | |
| MEADWESTVACO CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:05-cv-106 |
| ) | |
| - vs - ) | |
| ) | Honorable Judge Thomas M. Rose |
| BEAUX MERZON INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**<u>PROTECTIVE ORDER</u>**

IT IS HEREBY ORDERED that each of the parties, and any non-party that, by itself or through its counsel, agrees to the terms of this Protective Order, shall be governed by the following terms and conditions in connection with the production of Confidential Information in this action.

1.  <u>Definitions.</u>

(a)  The term "Confidential Information" means any information, whether oral or in documentary or other tangible form, so designated by any producing person who reasonably and in good faith believes it to be of the type protectable under Rule 26(c)(7), Fed. R. Civ. P.  Confidential Information includes information designated both as "Confidential" and as "Restricted," pursuant to Paragraph 4 below.

(b)  The term "disclose" means to show, give, make available or communicate,

1

in any fashion, to any person, any information or document furnished by any party or non-party in this action.

          (c)     The term "document" means the same thing as the definition of that word in Rule 34(a) of the Federal Rules of Civil Procedure.  A draft or non-identical copy is a separate document within the meaning of the term.

          (d)     The term "person" means any natural person, corporation, partnership, sole proprietorship, group, association, organization, business entity, governmental body, or agency.

          (e)     The term "producing person" means any person, whether a party or non-party, who produces any information, whether oral or in documentary or other tangible form, in response to any discovery method permitted by the Federal Rules of Civil Procedure.

          (f)     The term" qualified person" means (i) outside counsel engaged to represent one of the parties to this action, including necessary legal assistants and stenographic and clerical employees actually assisting the counsel; (ii) in-house lawyers who are engaged in preparation for trial and trial of this litigation, including necessary legal assistants and stenographic and clerical employees actually assisting these lawyers; (iii) such officers, directors, staff personnel, employees and agents of the parties as are necessary to aid counsel in the preparation, prosecution or settlement of claims and defenses in this action; (iv) outside independent experts and consultants of the parties who are assisting counsel in this action and who have agreed to be bound by this Order; (v) outside vendors who perform micro-fiching, photocopying, computer classification or similar clerical functions, but only for so long as necessary to perform those services; and (vi) the Court and Court personnel, including

stenographic reporters.

        (g)     The term "receiving party" means any person to whom information is disclosed in this action in response to any discovery method permitted by the Federal Rules of Civil Procedure.

        2.     This Order applies to all documents and information produced in this action regardless of whether they were produced before or after the entry of this Order.

        3.     Any non-party who desires to protect any discovery obtained from it in this action under the terms of this Order may have its counsel signify its agreement to be bound by this Order in a writing filed with the Court and served on the parties.

        4.     Confidential Information may be designated by any producing person as "Confidential" and, in addition, as "Restricted".  Moreover, parties may designate documents that are produced by non-parties and which contain Confidential Information as "Confidential" (but not "Restricted").  All Confidential Information, including non-public financial information, may be designated as "Confidential."  To designate Confidential Information as "Restricted," a category that the parties intend to use sparingly, the producing party must reasonably and in good faith believe that the Confidential Information reflects current confidential business plans, product designs or current confidential strategies that:  (I) as of the date of production, has been subject to strict internal controls limiting its dissemination within the producing party; and (ii) if improperly disclosed, could cause the producing party substantial commercial harm.  Any information supplied in documentary or other tangible form may be designated by the producing person or producing party as Confidential Information by placing the legend "CONFIDENTIAL" or "RESTRICTED", as appropriate, on the document or thing.  The producing person shall have

fifteen (15) days from the date of entry of this Order to designate in writing the appropriate classification of each document it produced or interrogatory answer it provided before the entry of this Order that contains Confidential Information.

5.     Any information designated as Confidential Information shall be maintained in confidence by any receiving party and shall be stored under the direct control of counsel of record, who shall be responsible for preventing any disclosure not in accordance with this Order. Confidential Information may be disclosed only as follows:  (a) "Restricted" information may be disclosed only to qualified persons who meet the descriptions in paragraph 1(f)(i), (ii), (iv), (v) and (vi); (b) "Confidential" information may be disclosed only to qualified persons; and  (c) "Confidential" information may be disclosed to qualified persons who meet the description in paragraph 1(f)(iii) only in the offices of counsel of record and under the supervision of counsel of record.  Prior to any disclosure, qualified persons shall read this Order and agree to be bound by it.  Qualified persons who meet the description in paragraph 1(f)(iii) shall not be permitted to retain copies of "Confidential" information disclosed under subsection (c) of this paragraph or take notes regarding said "Confidential" information.

6.     A non-qualified person not otherwise permitted under this Order to have access to Confidential Information may be interviewed, may be examined as a witness at a deposition, may be shown and may testify concerning any Confidential Information as follows:

        (a)     A present employee of a producing person, concerning any Confidential Information of that producing person.

        (b)     A former employee or consultant of a producing person, concerning any

4

Confidential Information of that producing person if the information (i) relates to the period of the former employee's or consultant's employment with or retention by the producing person, and (ii) pertains to the subject matter of his or her employment or consultation.

(c)     A non-party individual who has had any contact or relationship with a party, concerning any document containing Confidential Information that appears on its face, through other documentary evidence or through testimony by that individual to have been previously communicated to or from the non-party individual.

7.     All information or documents disclosed in this litigation, whether or not containing Confidential Information, shall be used solely for purposes of preparation for trial, pretrial proceedings and trial, and not in connection with any other litigation or judicial or regulatory proceeding or for any business, commercial, competitive, personal or other purpose.

8.     If any question is asked at a deposition that involves or calls for the disclosure of Confidential Information, the witness shall nevertheless answer such question unless he or she has an independent basis for not responding.  The only persons who may be in attendance at portions of the depositions when Confidential Information is being discussed are persons who are allowed to receive the Confidential Information under paragraphs 5 and 6 of this Order. Counsel for the person claiming confidentiality may designate portions of the deposition as Confidential Information, either at the deposition by making a statement for inclusion in the deposition transcript, or within fifteen (15) business days after receipt of the deposition transcript by notifying opposing counsel in writing.  All transcripts of depositions shall be treated as "Restricted" until fifteen (15) business days after receipt by counsel for the parties and the witness.  The reporter for any deposition will mark pages that contain testimony designated as

5

Restricted and bind them separately from non-confidential pages of depositions transcripts.

9.      If any document is produced that the producing party later claims is protected by the attorney-client privilege, work product doctrine or other privilege or immunity, within five (5) business days of receipt of a written request by the producing party, the receiving party shall return the original to the producing party, destroy all copies of it and delete the document from any word processing or data base tape or disk it maintains.  Production of privileged, work-product-protected or immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work product protection or immunity, either as to the produced document or as to any other documents or communications.  Return of a document for which the producing person has asserted a claim or privilege, work-product-protection, or immunity under this paragraph shall not prejudice the receiving party's right to seek an order from the Court directing production of the document on the ground that the claimed privilege, work product protection or immunity is invalid, provided, however, that mere production of the document in the course of this action shall not be a ground for asserting waiver of the privilege, protection or immunity.

10.      This Order is entered solely for the purpose of facilitating the exchange of information between the parties to this action without involving the Court unnecessarily in this process.  Nothing in this Order, nor the production of any documents or disclosure of any information pursuant to this Order, shall be deemed to have the effect of (a) an admission or waiver by any party or other subscriber to this Order; (b) altering the confidentiality or nonconfidentiality of any such information; or (c) altering or eliminating any existing obligation of any party or other subscriber.

6

11.     The parties agree that the provisions of this Order governing Restricted documents and information are intended to maintain confidentiality and not to operate as a hardship on either party.  If the quantity of material designated as Restricted by one party threatens to operate as a hardship to the other, then the adversely affected party may seek relief by agreement from the other party and, in the absence of agreement, to expedited consideration by the Court.  Any relief will be designed to modify the provisions of Paragraphs 4 or 5 above only to the extent necessary to relieve the particular hardship the adversely affected party has identified.

12.     Nothing in this Order shall be taken as indicating that any document or information designated as Confidential Information is entitled to confidential treatment.  If the receiving party desires to disclose Confidential Information to persons not entitled to it under this Order, or if it disagrees with the confidentiality designation by the producing person, then the receiving party and the producing person shall first try to resolve such dispute within three (3) business days.  If the dispute cannot be resolved, then the party seeking disclosure, upon no fewer than three (3) business days' written notice to the producing party, may seek a ruling from the Court that the information is not properly designated or that the requested disclosure may take place because the need for disclosure outweighs the producing party's interest in limiting dissemination in the manner set forth in Paragraph 5 of this Order.  Pending a determination by the Court, the information shall be treated under this Order as Confidential Information as designated by the producing person.

13.     No party shall be obligated to challenge the propriety of a confidentiality designation, and a failure to do so shall not preclude a subsequent attack on the propriety of a

designation. This Order shall be without prejudice to the right of any party or other subscriber to

this Order (a) to bring before the Court at any time the question of whether any particular

document or information is Confidential Information or whether its use should be restricted or

(b) to present a motion to the Court under Rule 26(c), Fed. R. Civ. P., for a separate protective

order as to any such particular document or information, including restrictions differing from

those specified in the Order. Any party may also apply for modification of this Order.

14.     No party or non-party that signs this Order may file with the Court any document

containing or disclosing the Confidential Information of another without first obtaining consent

from the Court to file the document under seal. All documents that the Court approves for filing

under seal shall be filed in a sealed envelope or other appropriate sealed container on which shall

be endorsed the title of this action, an indication of the nature of the contents, the word

"CONFIDENTIAL", and a statement substantially in the following form:

### FILED UNDER SEAL

By order of the Court, entered on [date], this envelope is to remain sealed and the
Clerk of the Court shall not reveal its contents to any person until further order of
this Court.

All information filed under seal shall be kept under seal until further order of the Court. Where

possible, only confidential portions of filings with the Court shall be filed under seal.

15.     The parties, and any non-party that signs this Order and produces information

subject to this Order, shall attempt to agree upon procedures to prevent disclosure of

Confidential Information at any hearing or trial, shall submit proposed procedures to the Court

for its approval or modification before the hearing or trial, and shall submit any disputes relating

8

to this procedure to the Court for its resolution.

16.     If Confidential Information in the possession, custody or control of any receiving party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process of any court, administrative or legislative body or any other person or tribunal purporting to have opportunity to seek information by compulsory process or discovery request, then the receiving party to whom the process or discovery request is directed, shall (a) on the second business day after receipt, give written notice and a copy by hand or facsimile of the process or discovery request, to counsel for the producing party; (b) cooperate to the extent necessary to permit the producing party to seek to quash the process or discovery request; and (c) not produce or disclose the Confidential Information until the producing party consents in writing or the receiving party is ordered by a court to do, so long as the order is not stayed prior to the date set for production or disclosure.

17.     Upon final termination of this action, including all appeals, all parties and experts and consultants shall at the option of the producing party, return to the producing party or destroy all originals and copies of material produced and designated as Confidential Information, except that all word processing and data base tapes and disks that contain Confidential Information shall be destroyed to the extent possible.  Outside counsel may retain copies of any documents that have been filed with the Court or admitted into evidence and that contain or refer to information designated as Confidential Information, but those documents shall remain subject to this Order.  Counsel of record for the parties shall provide written certification of compliance with this paragraph to each producing person.

18.     This Order shall not limit a producing person's use of its own Confidential

9

Information.


Dated: Wednesday, December 14, 2005.

SO ORDERED:

s/Thomas M. Rose

_____
UNITED STATES DISTRICT JUDGE


Reviewed and Approved:


/s/Scott A. King
Scott A. King (#0037582)
THOMPSON HINE LLP
2000 Courthouse Plaza N.E.
P.O. Box 8801
Dayton, OH  45401-8801
Telephone:  (937) 443-6560
Facsimile:   (937) 443-6830
E-mail:  Scott.King@Thompsonhine.com

Attorney for Plaintiff
MeadWestvaco Corporation


OF COUNSEL:

Mark P. Levy (#0016477)
Steven J. Elleman (#0066332)
THOMPSON HINE LLP
2000 Courthouse Plaza N.E.
P.O. Box 8801
Dayton, OH  45401-8801
Telephone:  (937) 443-6959
Facsimile:   (937) 443-6635
E-mail:  Mark.Levy@Thompsonhine.com

Steve.Elleman@Thompsonhine.com


/s/David T. Movius per approval 11/30/05
David T. Movius (0070132)
McDonald Hopkins Co., LPA
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114-2653
Telephone:  (216) 348-5400
Facsimile:  (216) 348-5474

Trial Attorney for Defendant Beaux Merzon Inc.

OF COUNSEL:

John P. Fredrickson
Boyle Fredrickson Newholm Stein & Gratz
250 East Wisconsin Avenue, Suite 1030
Milwaukee, WI   53202
Telephone:  (414) 255-9755
Facsimile:  (414) 225-9753
E-mail:  jpf@boylefred.com

Attorney for Defendant
Beaux Merzon Inc.

11